S. *Judah,* for the state.

May Term,<br>1859.<br><br>BALDWIN<br>v.<br>THE STATE.

---

## BALDWIN *v.* THE STATE.

An information is not bad for being signed by the district attorney with the official title of "prosecuting attorney," instead of "district attorney."

APPEAL from the *Cass* Court of Common Pleas.

HANNA, J.—This was a prosecution, by affidavit and information, in the Common Pleas Court. · A motion was made to quash the information, which was overruled.

*Thursday,*<br>*June 2.*

The only point made is upon that ruling of the Court.

The bill of exceptions taken shows, that the objection made to the sufficiency of the information was, because it was not filed by the proper prosecuting attorney.

The information states that "*John R. Flynn,* prosecuting attorney for *Cass* county, of the state of *Indiana,*" &c., and is signed "*John R. Flynn,* prosecuting attorney."

It is urged that, by the statute, the official name of the officer who represents the state, in prosecutions in the Circuit Court, is, "prosecuting attorney;" and that that of the officer who discharges somewhat similar duties in the Common Pleas Court, is, "district attorney;" and, therefore, so far as appears by this information, it was presented by an officer who had no authority to discharge that official act in that Court.

By our statute (2 R. S. p. 367, § 54), it is provided that, the information must contain, among other things, "the title of the action, specifying the name of the Court to which the information is presented;" and yet by the 61st section of the same act, it is provided that no information may be quashed, &c.—" *First.* For a mistake in the name of the Court or county in the title thereof;" and, " *Seventh.*

May Term,   For any other defect or imperfection which does not tend
  1859.    to the prejudice of the substantial rights of the defendant
ODELL     upon the merits."
v.
STEPHENS.    Now, although it is provided by statute that the infor-
mation shall be signed by the officer presenting it, yet we
cannot perceive that a mistake in affixing to his signature
his proper official designation, could prejudice the substan-
tial rights of the defendant, upon the merits, to any greater
extent than a failure to properly name the Court, as required
in one portion of the statute.

*Per Curiam.*—The judgment is affirmed with 3 per cent.
damages and costs.

*L. Chamberlin*, for the appellant.